**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

GREAT AMERICAN ASSURANCE
COMPANY AS SUBROGEE OF PRINCE
BOZZUTO LIMITED PARTNERSHIP
                  Plaintiff,

    v.

JOHN FERGUSON *et al.*,

                Defendants.

Action No. AW-10-CV-0915

---

## MEMORADUM OPINION

Pending before the Court is Defendant Washington Gas Light Company's ("Washington Gas" or Defendant) Motion to Dismiss for Want of a Necessary Party, (Doc. No. 14) and Motion to Dismiss for Failure to State a Claim or, in the Alternative, for a More Definite Statement. (Doc. No. 16). The Court has reviewed the motion and all supporting documents and finds no hearing is necessary. See Local Rule 105.6 (D. Md. 2010). For the reasons articulated below, Defendant's Motion to Dismiss for Want of a Necessary Party is **DENIED**. Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART AND DENIED IN PART**, as Plaintiff's claim for Negligence and Breach of Warranty will remain, but Plaintiff's claim for Negligence Per Se will be **DISMISSED**. Additionally, Defendant's Motion for a More Definite Statement is **DENIED**.

## I. FACTUAL & PROCEDURAL BACKGROUND

The following facts are drawn from the Complaint. Prince Bozzuto, a Maryland limited partnership ("Bozzuto"), owned the Silverwood Farm Apartments located in Frederick,

1

Maryland. These apartments were insured by Great American Assurance Company (Plaintiff), whose principal place of business is in Ohio.

Prior to July 31, 2009, Washington Gas, a Maryland corporation, installed natural gas service lines, meters and, regulators to the apartments which included apartment # 15 on 270 Shores Acres Way. (Comp. ¶ 9). The gas line and regulator were installed above ground at the foundation of building 270 and were adjacent to a walkway which was susceptible to traffic, lawn mowers, and parking spaces located in front of the building. (Comp. ¶ 12 -14). The gas line and regulator were also installed adjacent to "combustible building materials and the mechanical room for apartment #15, which included a natural gas fueled water heater and furnace." (Comp. ¶ 13). Plaintiff avers that the gas line and regulators, being that they were above ground, were not properly protected from physical or mechanical damage that could prevent the gas from causing injury. (Comp. ¶ 15,¶ 16).

On July 31, 2009, John Ferguson, Jr., a Maryland resident, was operating a pick-up truck, which had attached to it a trailer, in front of apartment # 15. Plaintiff avers that the trailer edged past the curb and struck either the gas line or the regulator (Comp. ¶ 23) which created a natural gas leak. The gas entered the building and became ignited, (Comp. ¶ 26) resulting in an explosion causing damages to Bozzuto's real and personal property, loss of rent, consequential damages, incidental damages, and related losses. (Comp. ¶ 27). As Bozzuto's insurer, Great American paid in excess of $900,000 for Bozzuto's claim and "may make additional payments for which it will be subrogated to the rights of Bozzuto against those parties responsible for the incident and resulting damages." (Comp. ¶ 29).

Plaintiff has brought claims against Washington Gas for negligence (Count I), breach of express or implied warranty (Count II), and negligence per se (Count III).

By supplying natural gas to Bozzuto, Plaintiff claims that Washington Gas was under a duty to exercise reasonable care. (Comp. ¶ 35). Plaintiff claims that Washington Gas was negligent with regards to where the gas line and regulator were installed, its supervision, and that Washington Gas failed to locate the gas line and regulator at a distance that errant gas would not enter the building. (Comp. ¶ 31, ¶ 36 a., ¶ 36 d.). Plaintiff further alleges that Washington Gas failed to satisfy required commercial standards, codes, and regulations. (Comp. ¶ 36 b.). Plaintiff specifically claims that Washington Gas did not abide by 49 C.F.R. 192.353(a) (Comp. ¶ 17), 49 C.F.R. 192.481 (Comp. ¶ 18), numerous Gas Piping Technology Committee's ("GPTC") recommendations (Comp. ¶ 19, ¶ 20), Chapter 12 of the Distribution System Design Book (published by the American Gas Association in 1990) (Comp. ¶ 21), and the "National Fire Protection Association 54, Gas Piping System Design, Materials, and Components. (Comp. ¶ 22).

Furthermore, Plaintiff alleges that Washington Gas either breached an express or an implied warranty. Plaintiff avers that Washington Gas expressly and/or impliedly warranted that it would be responsible and exercise reasonable care in the installation of the equipment (Comp. ¶ 40 ¶ 41); that it would comply with all codes, regulations, and standards (Comp. ¶ 42); that all the equipment was fit for its intended use (Comp. ¶ 43); and that Washington Gas would not create a fire or explosion. (Comp. ¶ 44).

Plaintiff alleges negligence per se because Washington Gas has violated Title 49 of the Code of Federal Regulations and violated National Fire Protection Association 54. (Comp. ¶ 49 ¶ 54).

This Court is granted jurisdiction under 28 U.S.C. §1332, as there is diversity of citizenship and the amount in controversy is over $75,000. Washington Gas has moved to have

this case dismissed for lack of a necessary party, Prince Bozzuto, who would destroy diversity. Washington Gas further moves for dismissal for failure to state a claim or in the alternative for a more definite statement.

## II. STANDARD OF REVIEW

### A. 12 (B) (7)

A Rule 12 (b) (7) motion to dismiss for failure to join a party under the Federal Rules of Civil Procedure Rule 19 is a two-step inquiry. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). First, a court must ask '"whether a party is necessary to a proceeding because of its relationship to the matter under consideration' pursuant to Rule 19(a)." *Id*. (citing *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917-18 (4th Cir. 1999)). "If a party is necessary, it will be ordered into the action. When a party cannot be joined because its joinder destroys diversity, the court must determine whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Owens-Illinois*, 186 F.3d at 440. "Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Id*. "Such a decision 'must be made pragmatically, in the context of the substance of each case, rather than by procedural formula,' *id*. at 441 (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n. 16 (1968)), by considering 'the practical potential for prejudice' to all parties, including those not before it. *Id*. (citing *Schlumberger Indus., Inc. v. National Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994)).

### B. 12 (B) (6)

The purpose of a motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*,

178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b) (6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

**III. ANALYSIS**

    **A. Motion to Dismiss for Lack of Necessary Party**

Washington Gas contends that under the Federal Rules of Civil Procedure Rule 19, Bozzuto is a necessary party to the present action. As such, this Court would relinquish subject matter jurisdiction as the parties would no longer be fully diverse. (Doc. No. 14).

To dismiss this case for lack of a necessary non-diverse party, Washington Gas must satisfy the Court's two step inquiry. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). First, the Court must determine that Bozzuto is a necessary party. *Id.* If Bozzuto is a necessary party, the court must then decide whether Bozzuto is indispensible. *Id.* Washington Gas correctly claims that because Bozzuto was partially subrogated, it is a necessary party, as Bozzuto has a claim against Defendant for its uncompensated losses.[1] *See U.S. v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 382 (1949); *see also Travelers Ins. Co. v. Riggs,* 671 F.2d 810, 812-13 (4th Cir. 1982). However, because joinder of Bozzuto would destroy diversity, the Court must determine whether Bozzuto is "indispensible," to which the Court determines he is not "indispensible." The fact that a defendant will have to defend two actions on the same tort is not a reason to deem a party "indispensible" and thus grant dismissal. *Aetna Cas. & Sur. Co.*, 338 U.S. at 382. "It is true that under this rationale, there will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the action under Rule 19(b). *Id.*; *see also Yorkshire Ins. Co. v. United States*, 171 F.2d 374, 376 n.7 (3d Cir. 1948) ("It is clear that the property owner and other insurers, if any, are necessary parties, since their presence in the lawsuit is required to do complete justice by adjusting all rights. But they are not indispensable in the sense that a final decree cannot be

---

[1] Although Bozzuto has waived its right to sue for its deductible payment, it still may sue for its lost rents and other damages not paid for by Great American.

made without affecting their interests or leaving the controversy in such a condition that its final determination is inconsistent with equity.")  Here, a final ruling can be made without affecting Bozzuto's interests.  Therefore, because Bozzuto, as a subrogee, is not "indispensable," Washington Gas' Motion for Want of a Necessary Party is **DENIED.**

### B.  Motion to Dismiss 12 (B)(6)

Washington Gas argues that Plaintiff's complaint lacks the required specificity required by the Federal Rules of Civil Procedure Rule8.  (Doc. No. 16).  To satisfy Rule 8, a complaint must consist of at least "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### 1.  Count I-Negligence

The Court holds that Plaintiff has sufficiently alleged a claim for negligence.  For a claim of negligence, a plaintiff must establish the following elements: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the plaintiff suffered an injury, and (4) there was a causal connection between the breach and the injury.  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 444 (4th Cir. 2005).  Plaintiff's complaint alleges that Washington Gas was the supplier of natural gas to Bozzuto's apartment complex. It further alleges that the gas line and regulator were installed above ground and adjacent to the walkway and parking spaces located in front of the building (Comp. ¶ 12).  According to Plaintiff, this location was susceptible to traffic, lawn mowers, and other physical damage.  (Comp. ¶ 24).  Moreover, Plaintiff avers that the gas line and regulator were situated directly below building openings for fresh air intake and exhausts and adjacent to a gas heater furnace.  (Comp. ¶ 14).   Plaintiff alleges that as a result of the

negligent installation, location, inspection, service, and ownership of the natural gas line and regulator, Ferguson's truck struck the gas line and a gas leak started which later was ignited. (Comp. ¶ 23-26). With these allegations, Plaintiff has articulated sufficient facts as to the events surrounding the accident to state a cognizable claim for negligence.

Washington Gas argues that the Court should require Plaintiff to specifically allege how the accident occurred and the exact location of the gas line with regard to the parking lot. (Doc. No. 17, at 2, 5, 7). However, a "claimant need not set out in detail all of the facts upon which the claim for relief is based; rather, he need only provide a statement sufficient to put the opposing party on fair notice of the claim and the grounds supporting it." *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999).

Washington Gas further argues that Plaintiff is not entitled to relief from it because a gas company cannot be held liable for gas leaks caused by third-parties or for gas leaks for which they have not been given notice. (Doc. No. 17, at 4, 7). Washington Gas cites to numerous cases from both Maryland and other jurisdictions that third-parties are not liable for gas leaks.[2] However, in those cases the facts were that the gas lines were properly installed. Here, Plaintiff is claiming that Washington Gas was negligent in its installation of the gas line and regulator. *See Dudley v. Baltimore Gas & Electric Co.*, 632 A.2d 492, 501 (Md. Ct. Spec. App. 1993).

Defendant also cites to *Dudley v. Baltimore Gas & Electric Co.* for the proposition that a gas company can only be held liable after it received notice of the gas leak. 632 A.2d at 495-98. However, *Dudley* itself specifically rejects this contention. "[W]e do not believe that under Maryland law a plaintiff can recover against a gas supplier on a negligence theory *only* if the supplier had actual notice of a leak and failed to remedy the situation." 632 A.2d at 496 (emphasis added). Because Plaintiff has adequately pled sufficient facts to allege a negligence

---

[2] *See e.g., Dudley*, 632 A.2d 492; *DeYoung v. Alpha Construction Co.*, 542 N.E.2d 859 (Ill. App. 1989).

claim and Washington Gas can be held liable for acts of its own negligent installation even without notice, the Court **DENIES** Defendant's motion as to Count I.[3]

### 2. Count II-Breach of Warranty

Plaintiff alleges that Washington Gas has breached its warranty of good workmanship. Plaintiff cites to *Gaybis v. Palm* for the proposition that an obligation to perform work with skill and care is implied by law. 93 A.2d 269, 272 (Md.1952). As such, Plaintiff contends that Washington Gas breached it implied warranty of good workmanship because Washington Gas negligently installed the gas lines and failed to comply with commercial codes and regulations. (Doc. No. 24-1, at 17-18). Here, Plaintiff is asserting that the location and maintenance of the gas lines and regulators by Washington Gas were not performed with the requisite skill, and Washington Gas has not complied with commercial installation standards. Maryland law acknowledges the fact that "an obligation to use ordinary skill and care in constructing a house or performing other work is implied by law independent of any contract." *Worthington Const. Corp. v. Moore*, 266 Md. 19, 22 (1972) (citing *Gaybis v. Palm*, 201 Md. 78, 85 (1952)). Therefore, Washington Gas' motion to dismiss Plaintiff's claim for breach of warranty is **DENIED.**

### 3. Count III-Negligence Per Se

Plaintiff alleges that Washington Gas is liable for negligence per se. As Washington Gas correctly points out, negligence per se is not a cause of action. Under Maryland law, a violation of a statute is only presumptive evidence of negligence. *See Brooks v. Lewin Realty III, Inc.*, 835 A.2d 616 (Md. 2003). Because negligence per se is not a cause of action, Defendant's motion to dismiss the negligence per se claim is **GRANTED.**

---

[3] Plaintiff, in alleging that Washington Gas was negligent, cites to numerous regulations and standards that Washington Gas has failed to meet. As the Court has ruled that Plaintiff has sufficiently pled negligence, the court will not decide the adequacy of these allegations.

### C.  MOTION FOR A MORE DEFINTINE STATEMENT

"The motion for more definite statement is 'designed to strike at unintelligibility rather than simple want of detail,' and the motion will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Seneca One Finance, Inc. v. Structured Asset Funding, LLC*, No. DKC 10-1704, 2010 WL 4449444, at *2 (D. Md. 2010) (citing *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D.Wis. 1985).  As Plaintiff has provided sufficient facts, Plaintiff's complaint is not "so vague and ambiguous" that Defendant cannot reasonably be expected to prepare a response. Therefore, Defendant's motion for a more definite statement is **DENIED.**

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Dismissal for Want of a Necessary Party is **DENIED**.  Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART AND DENIED IN PART**, with the result that Plaintiff's claim of Negligence and Breach of Warranty may proceed, but Plaintiff's claim Negligence Per Se will be **DISMISSED**. Defendant's Motion for a More Definite Statement is **DENIED**.  A separate Order will follow.


_____December 14, 2010_____           _____/s/_____
        Date                             Alexander Williams, Jr.
                                     United States District Judge